NO. 07-03-0554-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 4, 2004



______________________________




CATHERINE MENDOZA AND ARMANDO MENDOZA,


AND IN THE INTEREST OF A.M., A MINOR CHILD, APPELLANTS



V.



TEXAS DEPARTMENT OF PROTECTIVE & 


REGULATORY SERVICES, APPELLEE



_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. L-3288; HONORABLE JAMES ANDERSON, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Catherine Mendoza Menzinni filed a pro se notice of appeal with this court
on December 7, 2003, appealing a judgment terminating her parental rights. In her notice
of appeal, she indicates that she is indigent. Because Ms. Menzinni may be entitled to
representation by counsel in her appeal, we abate the appeal and remand the cause. 


 If an indigent parent requests appointment of an attorney in order to appeal a suit
terminating the parent's parental rights, the trial court must determine the issue of
indigency. Tex. Fam. Code Ann. § 263.405(e). If the court finds the person to be indigent,
the court must appoint counsel to represent the person on appeal. Section 263.405(e); In
re K.M., 98 S.W.3d 774, 776 (Tex.App.-Fort Worth 2003, no pet.).

 Consequently, we abate the appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court is directed to determine if Ms. Menzinni
is indigent and whether an attorney should be appointed to represent her on appeal. If the
trial court determines that she is indigent and entitled to an attorney, the trial court is
directed to appoint such for Ms. Menzinni and provide the attorney's name, address,
telephone number, and state bar number in the order. The clerk's record and a reporter's
record of the termination proceedings shall be filed with this court on or before March 12,
2004. Tex. Fam. Code Ann. § 109.002(a); Tex. R. App. Proc. 26.1(b), 35.1(b).

 The trial court is directed to hold any hearings it considers necessary to comply with
this order. If the trial court determines that Ms. Menzinni is not indigent or is not entitled
to an appointed attorney, then such determination shall be made only following an
evidentiary hearing. If held, a supplemental clerk's record and a supplemental reporter's
record of the hearing on the matter of indigency are to be filed with this court on or before
April 9, 2004. 

 Per Curiam 

. 



 2001). Furthermore, finding that any one ground warranting revocation existed,
the trial court was entitled to revoke appellant's community supervision. Moore v. State,
605 S.W. 2d 924, 926 (Tex. Crim. App. 1979). Here, appellant pled true to all but two
grounds contained in the motion to revoke. Standing alone, a plea of true is sufficient to
support the trial court's order of revocation. Hatten v. State, 71 S.W.3d 332, 335 n.2 (Tex.
Crim. App. 2002). Thus, the appellate record contained evidence supporting the decision
to revoke probation. Furthermore, the punishment levied was within the range provided
by statute. 

 However, we note that the judgment revoking appellant's probation included an
allegation mentioned in the motion to revoke that was not supported by the record. The
ground in question is that involving appellant's purported violation of the condition
pertaining to the commission of a new offense. Appellant plead not true to it. Moreover,
no evidence appears of record illustrating that it was violated. Simply put, appellant
invoked her Fifth Amendment right against self-incrimination when she was asked about
the allegation and opted not to discuss it. Nor did the State present evidence on the
matter through other sources once appellant invoked her silence. Thus, the trial court
erred in holding that she "ha[d] committed an offense against the law of this State." 
Nevertheless, the error is harmless given that she pled true to other grounds, and only one
was needed to revoke probation.

 Accordingly, we modify the judgment revoking probation by deleting from it the
finding that appellant

 has committed an offense against the law of this state; to wit: On or about
the 11th day of July, 2002, in the County of Hale, State of Texas, . . . Michelle
Gonzalez . . . did then and there without effective consent of Stacy Griego,
the owner thereof, intentionally or knowingly, break into or enter a vehicle,
or part thereof, with intent to commit, and did commit theft . . . .


and affirm it as modified. See Bigley v. State, 865 S.W.2d 26, 27-28 (Tex. Crim. App.1993)
(holding that we have the authority to modify an incorrect judgment when the record
permits us to do so); Asberry v. State, 813 S.W.2d 526, 529-30 (Tex. App.-Dallas 1991,
pet. ref'd) (holding the same). Furthermore, we grant counsel's motion to withdraw.


 Brian Quinn 

 Justice 



Do not publish.